IN THE
SUPREME COURT OF INDIANA

No. _____
[Court of Appeals Cause
No. 43A03-1605-PC-970

| | |
|---|---|
| IAN CLARK, | Appeal from the Kosciusko Circuit Court |
| Appellant (Petitioner Below), | Cause No. 43C01-0705-FA-127 |
| v. | |
| STATE OF INDIANA, | The Honorable Michael W. Reed, |
| Appellee (Respondent Below). | Judge. |

# PETITION TO TRANSFER

STEPHEN T. OWENS
Public Defender of Indiana
Att. No. 10471-49

KATHLEEN CLEARY
Deputy Public Defender
Att. No. 14292-53

One North Capitol
Suite 800
Indianapolis, IN 46204
Telephone: (317) 232-2475

**Attorneys for Appellant**

## QUESTIONS PRESENTED ON TRANSFER

1. Whether the Court of Appeals erroneously applied **Strickland** in holding Clark was not denied the effective assistance of trial counsel when counsel failed to appropriately preserve for review the State's mid-trial amendment of the charge against him, failed to withdraw the insanity defense until mid-trial and failed to object to prejudicial statements during the State's closing argument.

2. Whether the Court of Appeals erroneously applied **Evitts** in holding Clark was not denied effective assistance of appellate counsel when counsel failed to raise as error the State's mid-trial objection where this argument was clearly stronger than the issues raised on appeal.

## **TABLE OF CONTENTS**

**Page**

QUESTIONS PRESENTED ON TRANSFER ................................................................. 2

BACKGROUND AND PRIOR TREATMENT OF THE ISSUES ..................................... 4

ARGUMENT 1 ................................................................................................................ 6

    *CLARK WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL*..................................................................................................................

ARGUMENT 2 .............................................................................................................. 13

    *CLARK WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL*..................................................................................................................

CONCLUSION ............................................................................................................. 15

VERIFIED STATEMENT OF WORD COUNT .............................................................. 16

CERTIFICATE OF SERVICE ....................................................................................... 17

## BACKGROUND AND PRIOR TREATMENT OF THE ISSUES

Matara Muchowicz came home at around 2:00 p.m. on May 25, 2007, to find Ian Clark asleep on a sofa with her 2 year old daughter Samantha on his chest and covered by a blanket. She noticed blood and when Clark awoke and stood, he dropped the child. Muchowicz called 911 and an ambulance and police responded. The child was transported to the hospital where she died. Clark was found at the scene where there were many beer cans strewn about the house and yard. Clark was taken to the hospital where a blood draw was taken at 6:09 p.m. His BAC level at that time was .125% [Tr. Vol. I, 370].[1]

On May 30, 2007, Clark was initially charged with Battery, a Class A felony [A. 22]. The charged was amended on July 27, 2007, and Clark was charged with Murder and Battery, as a Class A felony [A. 51-52]. On December 3, 2007, the State filed its Request for Life Sentence Without Parole alleging one aggravating circumstance, that the victim, Samantha Muchowicz, was a child less than 12 years old [A. 100]. Clark was convicted of Murder following a jury trial on March 7, 2008 [A. 389, Tr. Vol. I, 536]. The jury reconvened and determined that the State had proven beyond a reasonable doubt that the aggravating circumstance was proven [A. 412]. They also determined that the State had proven that the charged aggravating circumstance outweighed any mitigating circumstance [A. 414]. The jury recommended a sentence of life imprisonment without parole for Clark [A. 415]. The judge accordingly entered the conviction and sentenced Clark to life without parole on April 3, 2008 [A. 469-478].

---

[1] References to "[A.]" refer to the direct appeal appendix; "[PCR A.]" refer to the post-conviction appendix; "[TR]" refer to the trial transcript; "[PCR]" refer to the post-conviction transcript; "[PCR Ex.]" refer to the post-conviction exhibits.

The Indiana Supreme Court affirmed the conviction and sentence. ***Clark v. State***, 915 N.E.2d 126 (Ind. 2009). Rehearing was denied on February 22, 2010.

Clark filed his initial *pro se* Petition for Post-Conviction Relief on March 22, 2010 [PCR A. Vol. II, 24-63]. The petition was amended by substitution on August 10, 2015 [PCR A. Vol. III, 45-52]. Clark alleged in his amended petition that he was denied the effective assistance of trial and appellate counsel [PCR A. Vol. III, 45-52]. An evidentiary hearing was held on January 15, 2016 [PCR 1-59]. At the post-conviction hearing, multiple exhibits were admitted [PCR 3]. Trial counsel was deceased [PCR Ex. B; PCR 3]. Other exhibits included admissions and 2 letters from the State reflecting a plea offer to murder which would have lead to a term of years rather than a sentence of life without parole [PCR Ex. D; PCR 3-4; Respondent's PCR Ex. 1, PCR 3-4]. Brad Voelz, Clark's appellate attorney, testified at the post-conviction hearing [PCR 5-50]. Clark also testified [PCR 50-59].

Voelz was frustrated because many issues that he thought might have been raised on appeal were not objected to by trial counsel [PCR 9]. The record was not satisfactorily made to raise the issues on appeal [PCR 9]. An unpreserved claim would be fundamental error which is a higher burden to overcome on appeal [PCR 9]. Voelz knew that if he raised ineffective assistance of counsel in the case and lost, the claim would be foreclosed in the future as discussed in ***Woods*** [PCR 23-24, 34, 36-37]. The post-conviction court ruled against Clark [PCR A. Vol. III, 121-125]. The Court of Appeals affirmed the denial of relief in a memorandum decision. ***Clark v. State***, No. 43A03-1605-PC-970 (Ind. Ct. App. February 27, 2017).

No Petition for Rehearing was filed.

## ARGUMENT 1

## CLARK WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The Court of Appeals erroneously rejected Clark's claim that he was denied the effective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution. To prevail on his claim counsel was ineffective, Clark must show that counsel's performance was deficient such that it fell below the prevailing professional norms, and that he was prejudiced by counsel's error. ***Strickland v. Washington***, 466 U.S. 668, 694 (1984). Trial counsel failed to appropriately preserve as error the mid-trial amendment of the charging information, timely withdraw the insanity defense and object to prejudicial comments during the State's closing argument.

### *A.   Mid-trial Amendment*

Clark alleged counsel was deficient where counsel failed to object or otherwise preserve as error the State's mid-trial amendment of the charging information [PCR A. Vol. III, 49-50]. The post-conviction court made no findings regarding whether the claim was appropriately preserved.

The Court of Appeals determined that "the change in the charging information was one of the form because it did not have an impact on Clark's defense or the evidence he presented." ***Slip op***. at p. 16. The Court reasoned that Clark maintained a defense that his reckless actions caused the two year old child's death. ***Slip op***. at p. 16. Therefore, Clark's substantial rights were not prejudiced. ***Slip op***. at p. 16.

The Court of Appeals focused on a portion of Clark's defense in reaching its conclusion. This was error. The defense case was two-fold – the State could not meet its burden of an intentional killing and therefore the jury must return a lesser offense. The trial court instructed the jury on reckless homicide [A. 372].

From the outset of the trial, the defense highlighted that the State must prove an intentional killing. During voir dire, defense counsel questioned jurors regarding the State's burden. The defense continually discussed specific intent; including that Clark had to specifically intend to kill the child and concepts regarding lack of intent to kill [Tr. Vol. I, 45, 58, 60, 63, 64, 69, 70, 71, 72, 75, 83, 101, 103, 108, 115, 125, 126, 143, 144, 145]. The defense was not alone. The State read the charges [Tr. Vol. I, 27, 29, 92, 120]. The State discussed with the potential jurors that it had the burden of proving that Clark intended to kill Samantha Muchowicz [Tr. Vol. I, 67, 103, 122]. The State also discussed circumstantial evidence of intent to kill [Tr. Vol. I, 107].

The opening statements outlined the defense theory. Berry argued that Clark's actions were not murder, that there was no specific intention to take a life [Tr. Vol. I, 157]. Counsel noted it was not Clark's intention or purpose to kill the child [Tr. Vol. I, 160].

On the last day of trial, the State moved to amend the information from a knowing and intentional killing to a knowing or intentional killing [A. 337; TR Vol. IV, 358]. Defense counsel objected noting that during voir dire and opening and through the State's case, the burden of persuasion was to prove a knowing and intentional killing [TR Vol. IV, 359]. Defense counsel moved for a continuance based on the change of

the defense and the shifting of the burden of persuasion [TR Vol. IV, 360]. The Court overruled the objection [TR Vol. IV, 360].

Contrary to the Court of Appeals decision, Clark's substantial rights were prejudiced by the mid-trial amendment. The Court of Appeals focused solely on Clark's position. *Slip Op.* at p.16. The Court found that the amendment from a knowing and intentional killing to a knowing or intentional killing was an amendment of form because the amendment did not have an impact on Clark's defense or the evidence he presented. *Slip Op.* at p.16. The Court relied on ***Erkins v. State***, 13 N.E.3d 400, 405 (Ind. 2014) *Slip Op.* at p.15. However, the Court erred where it did not consider the change in the State's position. The amendment changed the State's position because it lessened their burden regarding mens rea.

From the start of the trial, both parties discussed an intentional killing. The State amended the charge on the last day of trial. The amendment was one of substance because it lessened the State's burden on mens rea. From the time trial commenced, trial counsel committed to a defense in part based on the State's burden to show Clark intended to kill the child. Trial counsel objected to the amendment, but failed to request the appropriate remedy, a mistrial.

Also in discussing prejudice, the Court of Appeals did not address whether the late amendment prejudiced Clark's opportunity to plead guilty and receive a term of years rather than life without parole. Clark had an agreement that carried a sentence of a term of years [PCR Ex. D]. The post-conviction court found that the State had offered Clark a deal to plead open to a charge of murder in exchange for not filing a request for life without parole [PCR A. Vol. III, 123]. This would result in a sentence of between 45-

65 years under Ind. Code 35-50-2-3. The post-conviction court found that the amendment had no impact on Clark's decision to reject the plea. The post-conviction court further found that Clark wanted to plead to a battery or reckless homicide which was not offered [PCR A. Vol. III, 123]. While Clark did state that he was guilty of a reckless act, it is also clear that he did not feel that he was guilty of an intentional murder [PCR Vol. IV, 431-432, 462; Respondent's PCR Ex. 4]. The charge he was offered was a knowing and intentional murder [PCR Ex. D].

Clark was prejudiced because he wanted counsel to negotiate the case [PCR 51]. Where there was no offer for the Battery, which would have been a Class A felony, Clark continued to be willing to negotiate [A. 22, 51; PCR 51]. Clark, because he did not believe himself guilty of an intentional murder, could not have laid a sufficient factual basis to the intentional murder charge. See *Ross v. State*, 456 N.E.2d 420, 423 (Ind. 1983). His willingness to negotiate was thwarted by the State's offer which would have required that he admit to intentional killing rather than a knowing killing.

### B.   Counsel's failure to withdraw the insanity defense

Clark alleged that trial counsel was ineffective for waiting until mid-trial to withdraw the insanity defense [PCR A. Vol III, 48]. Trial counsel did not withdraw the insanity defense until the third day of trial [Tr. Vol. III, 190]. The Court of Appeals found that counsel should have withdrawn the defense but that there was no prejudice.

However, Clark was prejudiced by the failure to withdraw the defense. Appellate counsel recognized the damage to the defense. He raised a claim of fundamental error in part premised upon the prosecution's use of the term "evil." [Petitioner's PCR Ex. C, Appellant's Brief pp. 13-14]. Appellate counsel did not cite all the references. There

were significantly more references to evil [TR Vol. I, 35-36, 40, 54, 67, 69, 80, 97- 99, 130, 141-142]. In denying the claim, this Court relied in part on the defense's use of the insanity defense. The Court noted that it was in conjunction with the defense that the concept was discussed. **Clark**, 915 N.E.2d at 133. Clark was prejudiced further because the Court's Instructions included an instruction on the Insanity Defense [A. 289]. After having been exposed to prejudicial concepts of evil and an instruction on the insanity defense, the jury was informed that by the State in its opening that "you will hear from two psychiatrists who have examined the defendant independently and come to their independent conclusion that the defendant was able to appreciate the consequences of the wrongfulness of his conduct at the time it occurred on May 25." [TR Vol. I, 154-155].

The Court of Appeals agreed that the insanity defense should have been withdrawn prior to trial because there was no support. **Slip op.** at p. 18. However, it found no prejudice because it determined there was overwhelming evidence of guilt. **Slip op.** at p. 18. The jury was exposed to information that was not relevant and directly contradicted the chosen defense. The jury heard two psychiatrists determined Clark was able to appreciate the consequences of his actions and he knew the wrongfulness of it. This directly undermined the case trial counsel put forth. Counsel's defense was more like automatism, which does not require a notice of insanity defense in the first place. **McClain v. State**, 678 N.E.2d 104 (Ind. 1997). The insanity defense requires the presence of a mental disease or defect as well. **McClain**, 678 N.E.2d at 109. There was no evidence that Clark suffered from one. The defense was that he did not intend to kill the child. Counsel's failure to withdraw the defense until mid-trial was

deficient performance. Clark was prejudiced because the State was able to use the defense to question potential jurors on irrelevant concepts. See **Shull v. State**, 421 N.E.2d 1, 2 (Ind. Ct. App. 1981) (Defense counsel deemed ineffective for bolstering the State's case and destroying client's credibility).

### C. Failure to object to the prosecution's misconduct

Clark alleged that trial counsel was ineffective for failing to object to various comments made by the prosecution during its final argument and rebuttal argument [PCR A. Vol. III, 50-51]. Under **Darden v. Wainwright**, 477 U.S. 168 (1986), and **Donnelly v. DeChristoforo**, 416 U.S. 637 (1974), both of which specifically address prosecutorial misconduct during argument, constitutional error is found if it "so infected the trial with unfairness as to make the resulting conviction a denial of due process." **Darden**, 477 U.S. at 181. Similarly, **Miller v. Pate**, 386 U.S. 1 (1967), and **Mooney v. Holohan**, 294 U.S. 103 (1935), which address misconduct relating to the presentation of evidence, found that misconduct could violate the due process clause of the Fourteenth Amendment to the United States Constitution.

Counsel should have objected to the State's argument that Clark started drinking to cover his actions [TR Vol. IV, 530-531]. The post-conviction court entered no findings regarding this claim [PCR Vol. III, 121-125]. The Court of Appeals found voluntary intoxication is not a defense, "even if the State mischaracterized the evidence" it was irrelevant to his mens rea. **Slip op.** at p. 19. The Court found Clark was not prejudiced because of the overwhelming evidence supporting the jury's conclusion. **Slip op.** at p. 20.

11

Counsel's performance was deficient for failing to object to the comments because the State's comments presented the false notion that Clark's drinking showed consciousness of guilt. Part of the defense case was that Clark took no actions to conceal evidence of the crime or flee [Tr. Vol.II, 65, 68-69, 96-98]. The State's argument contravened this aspect of the case defense counsel put forth and counsel should have objected. Clark was prejudiced because the argument could not be responded to by counsel because it was made on rebuttal.

### D.    *Cumulative Error*

Clark was denied the effective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution. Counsel's performance was deficient when he failed to appropriately preserve as error the State's late amendment of the murder charge, timely withdraw the insanity defense and object to the prosecution's prejudicial statements during closing argument. Clark was prejudiced by the cumulative impact of these deficiencies. The Court of Appeals found none of the errors had a direct impact on his chosen defense that the commission of the crime was reckless. *Slip op.* at p. 20. Clark was prejudiced by the late amendment because it changed the position of the State to its benefit by lessening their burden of proof on the mens rea element of the murder charge. Clark's defense was that the State could not prove beyond a reasonable doubt that he intentionally killed the child and that his actions were reckless. Counsel requested a continuance but not a mistrial. A mistrial was the remedy necessary for the mid-trial amendment because counsel had committed to the defense through the voir dire, opening and State's case-in-chief. In addition, Clark was offered a plea for a term of years. Clark rejected it because he did

not believe himself guilty of an intentional murder. Clark was prejudiced where the charged crime was altered after his rejection of a term of years. The Court of Appeals agreed that the insanity defense should have been withdrawn but found no prejudice for counsel's failure to do so because the evidence was overwhelming. However, Clark was prejudiced because by failing to withdraw the insanity defense, the State was able to introduce prejudicial concepts of evil and evidence that 2 mental health professionals found his sane. In rejecting his claim that counsel was deficient for failing to object to prosecutorial misconduct where the State mischaracterized when Clark drank alcohol, the Court of Appeals again found no prejudice. Clark was prejudiced where the State's misconduct undermined his defense. Counsel's performance was deficient for the cumulative errors and Clark was prejudiced because each of the above undermined Clark's ability to present his defense and challenge the State's case against him.

## ARGUMENT 2

## CLARK WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

The Court of Appeals erroneously rejected Clark's claim that he was denied the effective assistance of appellate counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution. Clark was denied the effective assistance of appellate counsel because counsel failed to raise the issue set forth in Argument 1 A. The Sixth and Fourteenth Amendments to the United States Constitution entitle a criminal defendant to the effective assistance of counsel not only at trial, but during his first appeal of right. ***Evitts v. Lucey***, 469 U.S. 387, 396 (1985).

Appellate counsel's duty to his client is to raise all meritorious issues. ***Gray v. Greer***, 800 F.2d 644, 646 (7th Cir. 1986).

Clark alleged that if trial counsel adequately preserved the claim, that appellate counsel was ineffective for failing to present as an issue on appeal that the trial court erred by permitting the State to amend the murder charge mid-trial [PCR A. Vol. III, 46-47]. The State filed the original information for murder on July 27, 2007 [A. 51-52]. As noted above on the fourth day, the State's motion was to amend the murder charge from "knowingly and intentionally" to "knowingly or intentionally." [TR Vol. IV, 358]. The defense objected and moved for a continuance [TR Vol. IV, 359-360]. Counsel noted that this amendment prejudiced Clark's substantial rights, because it changed the defense [TR Vol. IV, 359].

In a footnote, the Court of Appeals found that appellate counsel was not deficient for failing to challenge the amendment of the charges "because he believed that our court would agree with Judge Reed that the amendment was one of form, and not substance." ***Slip op.,*** p. 17 n.2. This fails to take into account appellate counsel's full testimony regarding this issue.

Appellate counsel testified he identified this claim as a potential issue for appeal [PCR 18]. He felt that fundamentally the issue was barely preserved for appeal [PCR 18-19, 21]. Counsel was concerned about raising it as an issue and felt that it was better left as an issue for post-conviction because it was better as a claim of ineffective assistance of trial counsel [PCR 24]. Counsel noted that had trial counsel pressed the Court for a ruling on a motion to continue and the Court denied his motion, it still would not have cured what had occurred in the amendment because a continuance would just

delay the trial [PCR 23]. Counsel presumed the same jury would have come back after a delay and heard the case [PCR 23]. Counsel believed the harm had already been done and a continuance would not fix the problem [PCR 23]. The proper motion for trial counsel to have made would have been a motion for mistrial which was not made [PCR 23].

The Court of Appeals focused on appellate counsel's single statement. However, the entirety of counsel's testimony reveals that the reason he did not raise the issue was because he feared trial counsel was ineffective and did not wish to preclude the claim [PCR 33-38]. The decision not to raise it was also because he felt it was improperly preserved [PCR 9, 20-24]. **Strickland** requires that counsel's performance be assessed in light of professional standards and the particular circumstances confronting them. **Strickland**, 466 U.S. at 690. If counsel was wrong and the claim preserved, it was stronger than the claims of fundamental error that were raised.

## CONCLUSION

Based on the foregoing arguments and authorities in Arguments 1 and 2, Clark requests that this Court grant his Petition to Transfer, reverse the decision and opinion of the courts below, order the granting of post-conviction relief, and order a new trial.

Respectfully submitted,

STEPHEN T. OWENS
PUBLIC DEFENDER OF INDIANA
Att. No. 10471-49

By:   /s/ Kathleen Cleary
      Kathleen Cleary
      Att. No. 14292-53
      Deputy Public Defender
      Attorneys for Appellant

## VERIFIED STATEMENT OF WORD COUNT

I, Kathleen Cleary, Deputy State Public Defender, do hereby verify that the Petition to Transfer in **Clark v. State** contains less than 4,200 words; pursuant to Ind. Appellate Rule 44(C);(E); and (F). The word count was obtained by the use of the word count feature on the Word processor program.

Respectfully submitted,

STEPHEN T. OWENS
PUBLIC DEFENDER OF INDIANA
Att. No. 10471-49

By: /s/ Kathleen Cleary
Kathleen Cleary
Att. No. 14292-53
Deputy Public Defender

## AFFIRMATION

I affirm under the penalties for perjury that the foregoing representations are true to the best of my knowledge and belief.

/s/ Kathleen Cleary
Kathleen Cleary

IN THE
SUPREME COURT OF INDIANA

No. _____
[Court of Appeals Cause
No. 43A03-1605-PC-970

| | | |
|---|---|---|
| IAN CLARK, | ) | Appeal from the Kosciusko |
| | ) | Circuit Court |
| Appellant (Petitioner Below), | ) | Cause No. 43C01-0705-FA-127 |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF INDIANA, | ) | The Honorable |
| | ) | Michael W. Reed, |
| Appellee (Respondent Below). | ) | Judge. |

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 28th day of March, 2017, served upon Mr. Curtis Hill, Attorney General of Indiana, pursuant to Ind. Appellate Rule 24(C), by electronic service through the Indiana E-Filing System the above and foregoing **PETITION TO TRANSFER** filed electronically with the Indiana Supreme Court in the above-entitled cause of action.

Respectfully submitted,

STEPHEN T. OWENS
PUBLIC DEFENDER OF INDIANA
Att. No. 10471-49

By:    /s/ Kathleen Cleary
       Kathleen Cleary
       Att. No. 14292-53
       Deputy Public Defender
       Attorneys for Appellant